32 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Anthony C. BROOKS, Defendant-Appellant.
 No. 93-5780.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 19, 1994.
Decided: Aug. 9, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge.
 Dannie R. Sutton, Jr., Richmond, VA, for appellant.
 Helen F. Fahey, U.S. Atty., Joan E. Evans, Asst. U.S. Atty., Richmond, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, HAMILTON, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Anthony Brooks appeals from his conviction on one count of possession with the intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) (1988). Because we find no error in his conviction, we affirm.
 
 
 2
 * On December 8, 1992, several Richmond police officers executed a search warrant for 1108 Everett Street. Inside the apartment the police found Alvin McDonald in the kitchen, a woman in the living room, and Brooks leaving a room later designated as Bedroom Two.*
 
 
 3
 In Bedroom Two the police found approximately twelve thousand dollars in cash in two plastic bags in the middle of the floor, more money and food stamps in between the mattress and box spring, two voice-activated transceivers, some of Brooks's personal papers, and a bag of mail belonging to Brooks but with different addresses on the letters. Additionally, taped to the wall were pictures of Brooks and his girlfriend. In the closet of the room they found a man's dress shirt, tie, and suit coat matching the ones worn by Brooks in the pictures on the wall, a stadium jacket, a leather jacket, and other articles of clothing. The stadium jacket pockets contained money in denominations of tens, twenties, and fifties, food stamps, and a letter addressed to Brooks with notations on the back. The leather jacket had thirtyeight glassine packets of heroin, 160 baggies of crack totalling 12.25 grams, a bag with 1.72 grams of heroin in it, and a bag with 17.48 grams of crack in it. In the kitchen police found a digital scale and mannitol, a cutting agent for heroin.
 
 
 4
 At trial, McDonald testified that he, Brooks, and William Gerard Turner lived in the apartment. Brooks used Bedroom Two, McDonald used Bedroom One and Turner slept on the couch. McDonald further testified that Brooks kept the bedroom door locked when possible and told McDonald to keep people out of the room. McDonald also testified that he saw Brooks sell drugs in the apartment.
 
 
 5
 Turner testified that he sold the leather jacket to Brooks for drugs, and that he had on occasion sold drugs for Brooks in exchange for drugs. Turner also testified that he and Brooks bought the transceivers together so that Brooks could use them to communicate with his sellers. Turner also stated that Brooks offered him money to take the rap for the drugs and that he agreed to do so and lied in his deposition. However, he changed his mind when he found out Brooks did not have the money.
 
 
 6
 Becki Gooch, an employee of the mortgage company holding the loan on Brooks's house, testified that Brooks phoned her in October and told her he lived at 108 Everett, and gave her the phone number of 1108 Everett Street. Brooks testified that the drugs were not his and that he did not live at 1108 Everett. He also claimed that the money was leftover drug profit from his former drug dealing days in 1991.
 
 
 7
 The jury found Brooks guilty. Brooks appeals.
 
 II
 
 8
 Brooks's first assertion is that the jury erred in finding that McDonald and Turner were credible because both received immunity for their testimony, and because Turner admitted at trial that he had lied in his deposition, which completely contradicted his trial testimony. Absent compelling evidence to the contrary, this Court will not overturn the credibility determinations of the jury. United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir.1987). Further, it is the function of the jury to resolve inconsistencies in evidence and make factual determinations. United States v. West, 877 F.2d 281, 293 (4th Cir.1989). Because the grant of immunity is not compelling evidence, and the reason for conflict in Turner's trial and deposition testimony was for the jury to resolve, we find this claim meritless.
 
 
 9
 Brooks's second allegation is that the evidence was insufficient to support his conviction. In reviewing a sufficiency of the evidence claim we examine "the evidence and all reasonable inferences arising from it in the light most favorable to the government," United States v. Laughman, 618 F.2d 1067, 1076 (4th Cir.) (citing Glasser v. United States, 315 U.S. 60, 62 (1942)), cert. denied, 447 U.S. 925 (1980), and determine whether the factfinder could have inferred, beyond a reasonable doubt that the defendant committed the crime. Id.
 
 
 10
 To establish that Brooks was guilty of violating 21 U.S.C. Sec. 841(a)(1) (1988), the Government had to show that he knowingly possessed the drugs with the intent to distribute them. See United States v. Rusher, 966 F.2d 868, 878 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S.1992). Possession can be either actual or constructive. To show constructive possession the defendant must exercise, or have the power to exercise, dominion and control over the item. United States v. Bell, 954 F.2d 232, 235 (4th Cir.1992). Dominion and control need not be exclusive to the defendant. United States v. Wright, 991 F.2d 1182, 1187 (4th Cir.1993); United States v. Schockett, 753 F.2d 336, 341 (4th Cir.1985). Accepting the jury's credibility findings as to Turner and McDonald, the evidence presented at trial proved that Brooks had dominion and control over Bedroom Two and its contents. Further, this Court has held that possession of a quantity of drugs too large to reasonably be put to personal use establishes intent to distribute. United States v. Rusher, 966 F.2d at 879. Brooks's room contained 160 baggies of crack, thirtyeight glassine envelopes of heroin, and bags containing 1.72 grams of heroin and 17.48 grams of crack respectively. Officer Samuel Richardson, testifying as an expert on narcotics investigations, stated at trial that all the evidence seized in Bedroom Two suggested distribution. Hence, we find that the evidence was sufficient to establish Brooks's guilt of the crime charged.
 
 
 11
 Therefore, we affirm Brooks's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The woman was released after questioning and has no part in this appeal